UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VERVAIN, LLC,<br>        Plaintiff,<br>v.<br>MICRON TECHNOLOGY, INC., et al.,<br>        Defendants. | Case No. 22-mc-80292-TSH<br><br>**ORDER GRANTING MOTION TO TRANSFER**<br><br>Re: Dkt. No. 7 |

Defendants Micron Technology, Inc., Micron Semiconductor Products, Inc., and Micron Technology Texas, LLC (collectively, "Micron") move the Court for entry of an order compelling third party RPX Corporation to produce documents responsive to Micron's subpoena served in connection with a patent infringement action pending in the U.S. District Court for the Western District of Texas, *Vervain, LLC v. Micron Technology, Inc., et al.*, 6:21-cv-00487-ADA (W.D. Tex.). ECF No. 1. RPX now moves to transfer Micron's motion to the Western District of Texas, noting that court has already resolved issues that largely overlap with those raised by Micron's subpoena, including discovery disputes between Vervain and Micron involving the extent to which license agreements and related documents are discoverable. ECF No. 7 (citing *Vervain*, 6:21-cv-00487-ADA, ECF No. 93. Micron has filed a statement of non-opposition. ECF No. 10. Vervain has not responded.

Federal Rule of Civil Procedure 45(f) provides that, "[w]hen the court where compliance is required"—here, the Northern District of California—"did not issue the subpoena, it may transfer a motion under this rule to the issuing court"—here, the Western District of Texas—"if the person subject to the subpoena consents or if the court finds exceptional circumstances." Fed. R. Civ. P. 45(f). Here, RPX consents to the transfer and Vervain and Micron do not oppose it.

1    Further, exceptional circumstances warrant transferring Micron's motion to the Western
2    District of Texas as that court has already resolved issues that largely overlap with those raised by
3    Micron's subpoena. *See* Fed. R. Civ. P. 45, advisory committee's note ("[T]ransfer may be
4    warranted in order to avoid disrupting the issuing court's management of the underlying litigation,
5    as when that court has already ruled on issues presented by the motion[.]"; *see also Moon*
6    *Mountain Farms, LLC v. Rural Community Ins. Co.*, 301 F.R.D. 426, 429 (N.D. Cal. 2014)
7    ("When the issuing court has already ruled on issues presented by a subpoena-related motion,
8    exceptional circumstances exist and the court of compliance may transfer the motion to the issuing
9    court.").

      Accordingly, the Court **GRANTS** RPX's motion.  The Clerk of Court is **DIRECTED** to
transfer this case to the Western District of Texas for consideration of Micron's motion to compel.

**IT IS SO ORDERED.**

Dated: November 28, 2022

THOMAS S. HIXSON
United States Magistrate Judge